## ABNER DAVIS v. N. C. POWELL.

**Judgment—Correction—Petition.**

 Where a judgment has been affirmed on appeal to the Court of Appeals, a petition will not be entertained for correction of the judgment, in the absence of such fraud as will authorize relief.

**Appeal—Law of Case.**

 An opinion of the Court of Appeals is the law of the case in all subsequent proceedings therein and all subsequent appeals to the Court of Appeals involving the same controversy.

### APPEAL FROM UNION CIRCUIT COURT.

March 18, 1873.

OPINION BY JUDGE PRYOR:

This is an attempt to modify a judgment rendered in the Union Circuit Court in the year 1866, by which the rights of the parties to that action were finally settled as to the land in controversy.

That judgment was also affirmed by this court and if there was any error in the record, or mistake committed in drafting the judgment, it should have been corrected on that appeal. It will not do to say after the court below as well as this court have passed upon the rights of parties that there was a mistake in the judgment as to the amount to be recovered or to the boundary of land in dispute and therefore a petition will be entertained to correct it. If this practice was tolerated there would be no end to litigation. The alleged fraud is not of that character as would authorize the chancellor to disturb the judgment. The allegation upon that subject is that the appellant knew where the true boundary line of the land was, and failed to disclose it, and that he had executed a bond for title in which this disputed boundary was recognized as existing where the appellee claimed it to be. This may all be true and must be so regarded upon demurrer, and still it presents no ground for relief. If the discovery of this cumulative testimony had been presented by petition within three years after the judgment in 1866, it would not have authorized the chancellor to set aside that judgment. The bond in which these corner trees are described was executed in 1839, long before the land was possessioned, and the appellant himself might then have been ignorant as to the true boundary. The fraud

consists in one allegation only, that the appellant knew of testimony that the appellee should have been informed of by him and as he failed to do so it is cause for reviewing the former judgment. When this case was here the second time, upon an effort made in the court below by motion to correct the judgment upon the ground of mistake, this court said: "The legal effect of the affirmance was that there was no error, clerical or judicial, and that judgment is now conclusive between the parties and can not be altered by this court or reviewed by the circuit court for the imputed errors." If this mistake existed why did not appellee have it corrected on the original appeal; it was as plainly to be seen then as now, and no reason whatever is given for this omission. The appellant did not present it, and there is no denial of the fact that it was then error, conceding the case to be as presented by the demurrer.

This judgment was final and can not be disturbed upon such facts as are presented by the complaint.

The demurrer should have been sustained as the petition presents no cause of action. The judgment is reversed and cause remanded with direction to dismiss it.

*L. Hord, for appellant.*

*Bennett, for appellee.*